UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>**ST. MARY'S HOSPITAL, PASSAIC, N.J.,**<br>        Debtor. | On Appeal from an Order Entered by the United States Bankruptcy Court for the District of New Jersey (Hon. Morris Stem, U.S.B.J.)<br><br>Case No. 09-15619 (MS) |
| **JNESCO DISTRICT COUNCIL 1, IUOE, AFL-CIO,**<br>        Appellant,<br>v.<br>**ST. MARY'S HOSPITAL, PASSAIC, N.J.,**<br>        Appellee. | Civil Action No. 09-2081 (SDW) |

**ST. MARY'S HOSPITAL, PASSAIC, N.J.'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF JNESO, DISTRICT COUNCIL 1, IUOE, AFL-CIO FOR RECONSIDERATION OF MAY 12, 2009 ORDER DISMISSING APPEAL**

DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Proposed Attorneys for
St. Mary's Hospital, Passaic, NJ.

Of Counsel:
    Robert K. Malone, Esq. (RM 1098)

On the Brief:
    Frank F. Velocci, Esq. (FV 2185)

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................. 2

I.   JNESO'S RECONSIDERATION MOTION SHOULD BE DENIED ............................ 2

    A.   The Elements For Reconsideration Have Not Been Satisfied. ............................... 2

    B.   No Manifest Injustice Resulted................................................................................ 4

II.  THE 1113 ORDER IS NOT FINAL AND LEAVE TO FILE AN
     INTERLOCUTORY APPEAL IS NOT WARRANTED .................................................. 5

    A.   The Bankruptcy Court's Order Was Not Final ........................................................ 5

    B.   An Interlocutory Appeal is Not Warranted ............................................................. 7

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**                                                                                                      **PAGE**

<u>In re Allied Holdings</u>,
   376 B.R. 351 (N.D. Ga. 2007) .................................................................................. 6, 7

<u>Cardona v. General Motors Corp.</u>,
   939 F.Supp. 351, 353 (D.N.J. 1996) ............................................................................ 7

<u>In re Chateaugay</u>,
   880 F.2d 1509 (2d Cir. 1989) .................................................................................... 5, 6

<u>Consub Delaware LLC v. Schahin Engenharia Limitada</u>,
   476 F.Supp. 2d 305, 309 (S.D.N.Y. 2007) .................................................................. 7

<u>Conway v. A.I. Dupont Hospital for Children, et al.</u>,
   2009 U.S. Dist. Lexis 45198, 31 (E.D. Penn. May 26, 2009) ...................................... 4

<u>Dentsply Int'l, Inc. v. Kerr Mfg. Co.</u>,
   42 F.Supp. 2d 385, 417 (D. Del. 1999) ....................................................................... 3

<u>In re Engel</u>,
   190 B.R. 206, 211-12 (Bankr. D.N.J. 1995) ............................................................. 2, 3

<u>Granger v. Infinity Title Agency, Inc.</u>,
   2009 WL 1416036 (D.N.J. May 19, 2009) .................................................................. 2

<u>Int'l Union United v. Bunting Bearings Corp. (In re Bunting Bearings Corp.)</u>,
   321 B.R. 420, 423 (Bankr. N.D. Ohio 2004) .............................................................. 4

<u>In re Ionosphere Clubs</u>,
   139 B.R. 772 (S.D.N.Y. 1992) ..................................................................................... 6

<u>In re Landmark Hotel & Casino, Inc.</u>,
   872 F.2d 857 (9th Cir. 1989) ....................................................................................... 6

<u>In re Planet Hollywood Int'l</u>,
   274 B.R. 391, 399 (Bankr. D. Del. 2001) ................................................................... 2

<u>Resorts Int'l v. Greate Bay Hotel & Casino</u>,
   830 F.Supp. 826 (D.N.J. 1992) .................................................................................... 3

## PRELIMINARY STATEMENT

St. Mary's Hospital, Passaic, N.J., the debtor and debtor-in-possession herein ("St. Mary's" or the "Debtor") submits this brief in opposition to the Motion of JNESO, District Council 1, IUOE, AFL-CIO ("JNESO") for Reconsideration of the May 12, 2009 Order Dismissing Appeal (the "Reconsideration Motion") filed on May 27, 2009.

The Court should not reconsider its May 12, 2009 order dismissing the appeal (the "Dismissal Order"), as all the arguments made by JNESO in its Reconsideration Motion have been already considered by the Court in the hearing on JNESO's Emergency Motion for Stay Pending Appeal (the "Stay Motion") held on May 8, 2009 (the "Stay Hearing") and in its underlying Stay Motion. While JNESO continues to plea with the Court to grant leave for appeal, the Debtor renews the arguments set forth in its Cross-Motion and respectfully requests that the Court affirm its dismissal of JNESO's appeal, as the standards for interlocutory appeal have not been met.

## STATEMENT OF FACTS[1]

On April 20, 2009, the bankruptcy court entered an order (the "Bankruptcy Court Order") granting the Debtor's motion for relief under section 1113(e) of the Bankruptcy Code (the "1113(e) Motion") modifying certain collective bargaining agreements between the Debtor and JNESO. In doing so, the Bankruptcy Court heard three days of live testimony regarding the financial viability of the Debtor through July 2009 and the ramifications of what would happen if the reductions proposed in the 1113(e) Motion did not take immediate effect. Finding that the

---

[1] The Debtor hereby incorporates by reference its Statement of Facts presented in its Memorandum of Law in Opposition to JNESO's Motion for a Stay Pending Appeal and in Support of Cross-Motion to Dismiss the Appeal. [Docket No. 4].

Debtor would undoubtedly suffer from negative cash flow and "shut down," the Bankruptcy Court granted the 1113(e) Motion.

JNESO filed a Notice of Appeal of the Bankruptcy Court Order with this Court on April 30, 2009 (the "Notice of Appeal"). On the same day, JNESO also made an oral application to the Bankruptcy Court for a stay pending appeal. The Bankruptcy Court denied the stay, and on May 5, 2009, JNESO filed the emergency Stay Motion with this Court. On May 8, 2009, the Debtor timely filed its Memorandum of Law in Opposition to JNESO's Motion for a Stay Pending Appeal and in Support of Cross-Motion to Dismiss the Appeal (the "Cross-Motion") and oral argument on JNESO's emergency Stay Motion was heard later the same day.

At the Stay Hearing, this Court heard arguments from JNESO and the Debtor on the Stay Motion and the Cross-Motion. When the Court stated it was going to address the merits of the appeal, nothing in the transcript indicates that JNESO objected to the Court's decision to do so. Clearly not pleased with the result, JNESO now seeks to have this Court reconsider its decision to dismiss the appeal without meeting the standards for reconsideration.

## LEGAL ARGUMENT

### I.
### JNESO'S RECONSIDERATION MOTION SHOULD BE DENIED

**A.    The Elements For Reconsideration Have Not Been Satisfied.**

The law in this Circuit is well-settled that a motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Granger v. Infinity Title Agency, Inc., 2009 WL 1416036 (D.N.J. May 19, 2009). See also, In re Planet Hollywood Int'l, 274 B.R. 391, 399 (Bankr. D. Del. 2001) (asserting that a motion for reconsideration "is an extraordinary means of relief in which the movant must do more than simply reargue the facts or law of the case."); In re Engel, 190 B.R. 206, 211-12 (Bankr. D.N.J. 1995), aff'd, 124 F.3d 567 (3d Cir.

1997) (stating that a motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law that were overlooked). A motion for reconsideration is inappropriate to be used to reargue positions previously made or to otherwise ask the court to rethink issues already considered, rightly or wrongly. In re Engel, 190 B.R. at 212 (citing Resorts Int'l v. Greate Bay Hotel & Casino, 830 F.Supp. 826 (D.N.J. 1992)). See also, Dentsply Int'l, Inc. v. Kerr Mfg. Co., 42 F.Supp. 2d 385, 417 (D. Del. 1999) (stating that "[motions for re-argument] should be granted sparingly and should not be used to rehash arguments already briefed or allow a 'never-ending' polemic between the litigants and the Court.").

JNESO's Reconsideration Motion is an attempt to have the Court consider arguments that (i) the Court already considered in the Stay Hearing; or (ii) should have been raised at the Stay Hearing. Once the Court determined that it was going to deal with the merits of the appeal, JNESO did not request an adjournment of the Stay Hearing to review the Debtor's Cross-Motion, nor additional time to respond to same. 5/8/09 Hearing Tr. at 24:9-11. Through its Reconsideration Motion, JNESO is asking the Court to rethink issues that, by the Court's own submission, it already considered. This is clearly beyond the scope of a motion to reconsider. See generally In re Engel, supra.

In support of its Reconsideration Motion, JNESO claims that it was never provided with the opportunity to set forth the controlling legal standard for determining whether the bankruptcy court order was final or interlocutory, leading the Court to enter the Dismissal Order in error. The record does not support JNESO's contention that the Court did not give it an opportunity to present controlling authority to support its objection to the Cross-Motion. In fact, JNESO was afforded ample opportunity to argue in opposition to the Cross-Motion, which it did to the

satisfaction of this Court. See 5/8/09 Hearing Tr. at 58:1-9 (stating that even though the Court did not advise counsel that the appeal was going to be addressed, the Court "thought it was appropriate in that there would not be anything other than probably legal arguments that addressed the appeal on its merits. But [the Court] felt that counsel did a very capable job from both sides in addressing that.").

B.     **No Manifest Injustice Resulted.**

JNESO asserts that its inability to present legal authority in opposition to the issues raised in the Cross-Motion resulted in a manifest injustice. While no general definition of manifest injustice has been developed in the Third Circuit, where it has been applied, it is clear that the standard for what constitutes manifest injustice is a "high one." Conway v. A.I. Dupont Hospital for Children, et al., 2009 U.S. Dist. Lexis 45198, 31 (E.D. Penn. May 26, 2009). See also, Int'l Union United v. Bunting Bearings Corp. (In re Bunting Bearings Corp.), 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004) (finding that "[a]s applied to Rule 59(e), no general definition of manifest injustice has ever been developed; courts instead look at the matter on a case-by-case basis. What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.").

Again, however, the record is clear that the Court was satisfied with the arguments presented by both the Debtor and JNESO at the Stay Hearing on the issue of dismissal of the appeal. See 5/8/09 Hearing Tr. at 58:1-9. Even after hearing both parties, the Court did not base its denial of JNESO's Stay Motion on the case law cited in the Debtor's Cross-Motion. Instead, the Court denied the Stay Motion and granted the Cross-Motion based on its finding that the Bankruptcy Court Order was not clearly erroneous:

-4-

> [A]ssuming that this was a case that's viable for interlocutory appeal, *and I don't believe the appeal itself should stand because I don't find that his ruling was clearly erroneous*, which takes me sort of in the back door to a stay of the appeal. It becomes moot in light of my findings as it relates to the appeal in and of itself because clearly, looking at those factors, I had issues as to whether there was a likelihood of success on the merits, whether there was truly irreparable harm that was going to inure to the members of JNESO. And looking at the balance of the inequities from St. Mary's versus JNESO, and what was going to be suffered by JNESO, quite honestly I felt the potential closing of the hospital outweighed any hardship that JNESO would face as a result of cuts. … And from my perspective, I … didn't feel that a stay was appropriate. *And I don't feel that the appeal is appropriate as well because I don't feel that anything Judge Stern did was clearly erroneous.*

5/8/09 Hearing Tr. at 62:9-25, 63:1-3 (emphasis added).

JNESO's alleged inability to present legal authority in opposition to the Debtor's position would not have changed this Court's refusal to overturn the Bankruptcy Court Order as clearly erroneous. The Court analyzed the issues as presented from the record below and as argued in the Stay Hearing, not necessarily as presented by the Debtor in the Cross-Motion. Given the fact that the Court's analysis would not change had JNESO submitted a response to Debtor's Cross-Motion, JNESO's alleged inability to do so cannot rise to the level of manifest injustice, and is certainly not a "direct, obvious, and observable" error warranting reconsideration. See Black's Law Dictionary 982 (8th ed. 2004) (defining manifest injustice).

## II.
## THE 1113 ORDER IS NOT FINAL AND LEAVE TO FILE AN INTERLOCUTORY APPEAL IS NOT WARRANTED

### A.  The Bankruptcy Court's Order Was Not Final.

In its insistence that the Bankruptcy Court Order is final, JNESO argues that interim relief under section 1113(e) of the Bankruptcy Code settled a discrete controversy within the administration of the estate. The Bankruptcy Court Order, however, did not resolve a discrete controversy in the bankruptcy case, but only affected the Debtor's overall ability to operate its business through July 2009.

In further support of its belief that the Bankruptcy Court Order is final, JNESO incorrectly relies on In re Chateaugay, 880 F.2d 1509 (2d Cir. 1989), a case decided twenty (20) years ago in the Second Circuit. The issue in Chateaugay was the finality of an order denying relief from the automatic stay. What JNESO fails to point out in its Reconsideration Motion is that most circuits considering the issue of finality of orders denying relief from the automatic stay have found that such orders are final. Id. at 1511. Furthermore, Chateaugay expressly identified denial of relief from the automatic stay as the functional equivalent of a permanent injunction, which is always deemed a final appealable order. Id. It is important to note that no such presumption of finality exists with respect to orders issued under 1113(e). In fact, there is no reported or unreported decision that equates relief obtained under 1113(e) to relief that is injunctive in nature. JNESO's reliance on Chateaugay is therefore misplaced. Denial of relief under the automatic stay – a final order for all practical matters – is not the issue in the case at bar.

Of the three courts that have specifically considered the finality of orders under section 1113(e) of the Bankruptcy Code, two have found that relief granted under section 1113(e) is not final. See In re Landmark Hotel & Casino, Inc., 872 F.2d 857 (9th Cir. 1989); In re Allied Holdings, 376 B.R. 351 (N.D. Ga. 2007). The only case that found interim relief under section 1113(e) to be final was In re Ionosphere Clubs, 139 B.R. 772 (S.D.N.Y. 1992), whose holding, contrary to JNESO's analysis, actually supports the Debtor's position regarding the finality of the Bankruptcy Court Order. The court in Ionosphere Clubs expressly held:

> Here, while the bankruptcy court characterized the §1113(e) order as interim, the order is of ***indefinite duration***. … The Court ***therefore concludes*** that the portion of the bankruptcy court's order authorizing §1113(e) modifications was final and appealable as of right.

Id. at 778 (emphasis added).

Put another way, Ionosphere Clubs concluded that the bankruptcy court order was final and appealable *because* the order was of an indefinite duration. While it is true that the court distinguished the case from Landmark, it did so only in a footnote. That footnote was mere dicta and certainly not controlling authority in the Third Circuit. Allied Holdings continues to be most factually similar to the case at bar and its holding that an "interim order under §1113(e) is not appealable as a final order because the terms of the statute allow for changes to be made to the order in the future" should be applied here.[2] 376 B.R. at 358.

**B.     An Interlocutory Appeal is Not Warranted.**

For the first time in the Reconsideration Motion, JNESO insists that it meets the standards for interlocutory appeal under 28 U.S.C. §1292(b). It does not. There was no question of controlling law at issue. JNESO maintains that the bankruptcy court applied the wrong legal standard because its decision to deny the Stay Motion rested only on the fact that the Debtor is a hospital. At the Stay Hearing, this Court expressly considered this issue:

> It's a factor. It's not the controlling factor, but it's a factor. And I don't think it was inappropriate. *There's no indication that [Judge Stern] ruled the way he ruled only because [the Debtor] is a hospital.* But he took that into consideration, and which I think was clearly appropriate because it has to be take into consideration when you're balancing the harms or the inequities that are going to result in the community.

5/8/09 Hearing Tr. at 60:13-22 (emphasis added). Having considered JNESO's argument, this Court found that there was no issue of controlling law because the bankruptcy court did not apply the wrong legal standard. The first prong of 1292(b) has therefore not been satisfied.

The second prong of 1292(b) requires that there be a genuine doubt as to whether the court applied the correct legal standard. It is not sufficient that the relevant case law is "less than clear" or "allegedly not in accord," or that there is "a strong disagreement among the parties."

---

[2] The Cross-Motion sets forth the Debtor's analysis of Allied Holdings more fully.

Consub Delaware LLC v. Schahin Engenharia Limitada, 476 F.Supp. 2d 305, 309 (S.D.N.Y. 2007); Cardona v. General Motors Corp., 939 F.Supp. 351, 353 (D.N.J. 1996). Rather, the court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is *substantial* ground for dispute." Consub Delaware, 476 F.Supp. at 310 (citations omitted) (emphasis in original). JNESO states that in granting the interim relief, the bankruptcy court deviated from the legal standard set forth in 1113(e), thereby creating substantial ground for difference of opinion. This Court addressed this exact issue at the Stay Hearing and did not agree with JNESO. In its Reconsideration Motion, JNESO does not cite to authority supporting its contention that the bankruptcy court erred in its application of the legal standard under section 1113(e) but merely restates its disagreement with the decision. However, "a mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." Id. at 309-10 (citations omitted). The second prong of 1292(b), therefore, has not been met.

Finally, JNESO claims that resolution of its appeal will materially advance the ultimate resolution of the bankruptcy case. JNESO fails to explain how immediate resolution of its objection to an interim order that is set to expire 13 weeks from the date of its entry (which order was expressly entered for the benefit of the Debtor and its estate) will materially advance the ultimate resolution of the Debtor's bankruptcy case. This Court agreed that the record below was clear: after three days of live testimony, the Bankruptcy Court Order was entered to prevent the Debtor from inevitably facing the certainty of a shut down in the immediate future. Any modification of the Bankruptcy Court Order on appeal will not materially advance the ultimate resolution of the Debtor's bankruptcy case, but will instead cause it a certain and significant delay.

## **CONCLUSION**

For all the foregoing reasons, the Debtor respectfully requests that the Court deny the Motion of JNESO for Reconsideration of May 12, 2009 Order Dismissing Appeal.

> DRINKER BIDDLE & REATH LLP
> A Delaware Limited Liability Partnership
> 500 Campus Drive
> Florham Park, New Jersey 07932-1047
> (973) 549-7000
> Proposed Attorneys for
> St. Mary's Hospital, Passaic, NJ.
>
> By: /s/ Robert K. Malone

Dated: June 5, 2009
Florham Park, New Jersey